IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.          CASE NO. 1:12-cv-00156-SPM-GRJ

JOHN DOE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 4, Motion for Leave to Serve A Third Party Subpoena Prior to Rule 26(f) Conference by Malibu Media, LLC.  The plaintiff has filed a complaint against a John Doe defendant who allegedly obtained copies of plaintiff's copyrighted works without authorization through a file-swapping network.  The plaintiff requests leave to serve a third party subpoena on the defendant's Internet Service Provider (ISPs) to obtain defendant's name prior to a Rule 26(f) conference.  In support of its request, the plaintiff states that the defendant cannot be identified without information from his respective ISP, and such ISP has limited retention periods for the relevant records.

In copyright infringement cases, courts have found good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C.

2008) (noting the overwhelming number of cases where copyright infringement plaintiffs sought to identify Doe defendants and courts routinely applied the good cause standard to permit discovery).

In the instant case, the Court finds that there is good cause to grant the relief requested based upon plaintiff's necessity to serve a subpoena upon the ISP to ascertain the identity of the defendant in this case.

Accordingly, it is now **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to Rule 26(f) Conference, Doc. 4, is **GRANTED**.

2. The plaintiff may serve the ISP with a subpoena under Rule 45 of the Federal Rules of Civil Procedure seeking information sufficient to identify the Doe defendant, including name, current and permanent address, telephone number, e-mail address, and Media Access Control Address. Plaintiff shall attach to the subpoena a copy of this Order.

3. If and when the Internet Service Provider is served with a subpoena, the Provider shall give written notice, which may include e-mail notice, to the affected subscriber within five business days, and such notice shall inform the subscriber of his right to challenge the subpoena in this Court.

4. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 13th day of July, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge